IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDY MONTANTE, #54920-039, and ) <br> RICARDO LEIJA, # 54824-048, ) <br>         Plaintiffs, ) <br> vs. ) <br> ) <br> FEDERAL BUREAU OF PRISONS, ) <br>         Defendant. ) | <br><br><br> No. 3:23-CV-2358-D-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, the plaintiffs' *Motion for Venue Change and Objection to Venue Changle Already Accomplished,* received on November 14, 2023 (doc. 15), is **DENIED**.

**I.**

The *pro se* prisoner plaintiffs, both of whom are incarcerated in the Federal Correctional Institution in Seagoville, Texas, allege that the Bureau of Prisons (BOP) has promulgated a rule and provision restricting access by sex offenders to a messaging system, which violates their First Amendment rights. (*See* doc. 1 at 1.)[2] They filed this action on September 11, 2023, in the United States District Court for the District of Columbia. (*See id.*)  By order dated October 19, 2023, that court transferred the case *sua sponte* on grounds that the alleged deprivations were occurring in this district. (*See* doc. 6.)  The plaintiffs contend that the case should be transferred back because they did not consent to the transfer, and the rule and provision about which they complain were "promulgated [by] an agency located in the District of Columbia, by agents acting in their official

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

capacities in offices in the District of Columbia, an[d] which affect prisoners in all states in which the agency houses inmates." (*See* doc. 15 at 1.) They argue that the witnesses who may be called to testify about the rule and provision are located in that district, and that they will probably not be called as witnesses. (*See id.*)

## II.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-816 (1988) (citation omitted). This "doctrine is a discretionary rule", however. *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008) (citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). Review of a prior substantive ruling is appropriate in three instances: (1) substantially different evidence; (2) a change in controlling authority; or (3) a "clearly erroneous" decision that "would work a manifest injustice." *See Free v. Abbott Lab'ys, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999). Importantly, the "doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Clifford v. Gibbs*, 298 F.3d 328, 331 (5th Cir. 2002) (citation and quotations omitted). "An issue is 'actually decided' if the court explicitly decided it or necessarily decided it by implication." *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 425 (5th Cir. 2006).

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson*, 486 U.S. at 816; *see also In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir.2009) ("transfer courts should use the law of the case doctrine to determine whether to revisit a [transfer] decision" and should "rarely reverse"); *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (citation omitted) (explaining that "the decision of a transferor court should not be

reviewed again by the transferee court"). While a court has the power to revisit a prior decision to transfer a case, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). This is because "transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.* at 816. "Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id.* at 819.

Here, the District of Columbia court specifically considered the issue of venue and determined that because the alleged deprivation of rights about which plaintiffs' complain occurred in this district, where they are housed, it was the appropriate venue. The decision to transfer the case here was plausible. The plaintiffs have not shown that the transfer decision was clearly erroneous or manifestly unjust, and no extraordinary circumstances for revisiting that decision are apparent from the record.

### III.

The plaintiffs' motion to this case back to the District of Columbia is **DENIED**.

**SO ORDERED this 17th day of November, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3